In re CAMERON INTERNATIONAL CORPORATION, formerly known as Cooper Cameron Corp; Halliburton Energy Services, Incorporated; BP Products North America, Incorporated; BP America, Incorporated, Petitioners.

No. 10–30631.

United States Court of Appeals, Fifth Circuit.

July 22, 2010.

Russell Stanley Post, David J. Beck, Esq., Chad Flores, Esq., Geoff A. Gannaway, Esq., David Michael Gunn, David Watkin Jones, Esq., Joe W. Redden, Jr., Esq., Beck, Redden & Secrest, L.L.P., Houston, TX, Carmelite M. Bertaut, Jared Adam Davidson, Esq., Keith B. Hall, Phillip A. Wittmann, Stone, Pigman, Walther & Wittmann, L.L.C., Howard L. Murphy, Esq., Deutsch, Kerrigan & Stiles, L.L.P., Katharine Rachael Colletta, Chaffe McCall, L.L.P., Don Keller Haycraft, Donald R. Abaunza, Esq., Liskow & Lewis, New Orleans, LA, Bruce Wayne Bowman, Jr., Esq., Jenny Lanell Martinez, Esq., Robert Alan York, Godwin Ronquillo, P.C., Dallas, TX, Christopher Landau, Kirkland & Ellis, L.L.P., Washington, DC, James Andrew Langan, Kirkland & Ellis, L.L.P., Chicago, IL, for Petitioners.

Stephen Jay Herman, Esq., Herman, Herman, Katz & Cotlar, L.L.P., Joseph M. Bruno, Bruno & Bruno, L.L.P., James M. Garner, Esq., Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Gladstone N. Jones, III, Jones, Swanson, Huddell & Garrison, Everett R. Fineran, Esq., Frilot, L.L.C., Edward F. Kohnke, IV, Preis & Roy, A.P.L.C., Evans Martin McLeod, Esq., Phelps Dunbar, L.L.P., New Orleans, LA, for Respondents.

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM: *

Cameron International Corporation; Halliburton Energy Services, Incorporat-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

ed [1]; BP Products North America, Incorporated; and BP America, Incorporated ("Petitioners") petition [2] this court for a writ of mandamus directing United States District Court Judge Carl J. Barbier to recuse himself from any further proceedings involving cases related to the Deepwater Horizon oil rig.

## I

Following the tragic explosion at the Deepwater Horizon oil rig, numerous lawsuits have been filed in the Eastern District of Louisiana. Because a number of the federal district court judges in that District have recused themselves, many of these cases have been assigned to Judge Barbier (over forty at present).

When the first Deepwater Horizon cases were assigned to Judge Barbier, he owned debt instruments issued by Halliburton [3] and Transocean,[4] two of the defendants in the instant proceedings.[5] Judge Barbier instructed his broker to sell the debt instruments on June 2, 2010. Judge Barbier stated on the record on June 4, 2010, that he was unaware that he owned the debt instruments until reports surfaced in the

media, and that, though not required, he thought divestment the best policy to avoid the appearance of bias.

Notwithstanding the divestment, Petitioners moved to have Judge Barbier recuse himself from the proceedings based on 28 U.S.C. § 455(b), the federal recusal statute. Petitioners argued that the debt instruments were "financial interests" under the terms of the statute, and that, accordingly, recusal was mandatory.[6] Judge Barbier orally denied their motion, finding that "the ownership of a bond or debt instrument is not the ownership of a financial interest because when you own a bond, you do not own any part of the company...." Because the debt instruments were "not a legal interest in the corporation," they did not trigger § 455(b) and so did not require recusal.

## II

This circuit has recognized that the question of recusal is reviewable on a petition for a writ of mandamus. *See In re City of Houston,* 745 F.2d 925, 927 (5th Cir.1984). The writ, however, will not lie in the absence of exceptional circum-

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Halliburton moves to join in the petition for writ of mandamus filed by Cameron International. The motion to join is GRANTED.

2. Cameron International and the BP Entities filed separate petitions. The petitions seek the same relief, but present distinct arguments supporting entitlement thereto.

3. Judge Barbier's disclosure form lists "Halliburton Co. Debentures 3/01/21" as the "Description of the Assets." The income (from interest) during the reporting year (2008) was between $1,001 and $2,500. The gross value was between $15,001 and $50,000.

4. Judge Barbier's disclosure form lists "Transocean Sedco Forex Notes 4/15/18" as

the "Description of the Assets." The income (from interest) during the reporting year (2008) was between $1,001 and $2,500. The gross value was between $15,001 and $50,000.

5. Transocean owned the Deepwater Horizon oil rig, and Halliburton was the cement contractor. Both Transocean and Halliburton appear as defendants in many of the Deepwater Horizon cases pending before Judge Barbier.

6. The memorandum in support of Petitioners' motion states that "the Court held a 'financial interest' in two litigants." After reviewing the record, we are convinced that the gravamen of the argument below addressed only whether the debt instruments were "financial interests ... in a party to the proceedings."

stances, *id.*, and the party seeking the writ has the burden of proving a clear and indisputable right to it. *In re Placid Oil Co.*, 802 F.2d 783, 786 (5th Cir.1986) (citing *United States v. Gregory*, 656 F.2d 1132, 1136 (5th Cir.1981)).

Section 455 governs the disqualification or recusal of federal judges. Germane to the instant matter is § 455(b)(4), which provides, in relevant part:

> (b) [A judge] shall ... disqualify himself in the following circumstances:
>
>     \*        \*        \*
>
> (4) He knows that he ... has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding....

Section 455(d)(4) defines "financial interest" as "ownership of a legal or equitable interest, however small...."

In orally denying Petitioners' motion for recusal, Judge Barbier held that recusal was not required because debt instruments are not "financial interests" within the meaning of § 455(b). Judge Barbier reasoned that bond and stock ownership are vastly different because bond ownership does not imply any ownership interest in the company issuing the bond. He relied in part on the *Code of Conduct for United States Judges* and an Advisory Opinion from the Judicial Commit tee on Codes of Conduct, which states in relevant part:

> Debt interests are not considered to give rise to financial interest in the debtor that issued the debt security because the debt obligation does not convey an ownership interest in the issuer. Therefore, disqualification is not required solely because a party in a matter before the judge is a corporation or governmental entity that has issued a debt security owned by the judge.

Advisory Op. No. 101, "Disqualification Due to Debt Instruments," 101–1–101–2.

Although the Judicial Commit tee is not authorized to interpret § 455, the *Code of Conduct,* which the Judicial Commit tee is authorized to interpret, contains language similar to § 455. Judges often rely on the Judicial Committee's opinions in evaluating their conduct, and we consider the Advisory Opinion's persuasive value. *See Union Carbide Corp. v. U.S. Cutting Serv., Inc.*, 782 F.2d 710, 715 (7th Cir.1986). Neither party provided, nor did our research uncover, any case suggesting that the distinction between stocks and debt instruments is not sound. Indeed, this distinction accords with the language of § 455(b)(4), which speaks, at least in part, of a "financial interest ... in a party to the proceeding." Stocks, which represent fractional ownership in the issuer, fit within this language, whereas bonds do not. *Cf. In re New Mexico Natural Gas Antitrust Litig.*, 620 F.2d 794, 796 (1980).

Judge Barbier denied the recusal motion on the ground that ownership of debt instruments is different than ownership of corporate stock because the debt instruments do not equate to an ownership interest in a party. We see no error in his reasoning for denying the motion to recuse.

This conclusion, however, does not put the matter completely to rest for two reasons. First, the Advisory Opinion, which was the basis of Judge Barbier's ruling, ignores language from 28 U.S.C. § 455(b)(4). The statute speaks of a "financial interest in the subject matter in controversy or in a party to the proceeding." 28 U.S.C. § 455(b)(4) (emphasis added). Thus, even if debt instruments do not qualify as a "financial interest[s] ... in a party" because they do not convey an ownership interest, they could nonetheless qualify as "financial interest[s] in the sub-

ject matter in controversy."[7] Furthermore, the second part of § 455(b)(4) speaks of "any other interest that could be substantially affected by the proceeding" as an alternative basis for disqualification. The Advisory Opinion specifically notes that "[o]wnership of any type of debt interest ... may in some circumstances occasion disqualification if the judge's interest is such that it could be substantially affected by the outcome of the proceeding." Judge Barbier never reached the "substantially affected" issue because Petitioners' motion relied entirely on the "financial interest" prong of § 455(b)(4).[8]

In sum, because we find no error in the district court's conclusion that the debt instruments do not qualify as "financial interests ... in a party to the proceeding," petitions for writ of mandamus are DENIED. The denial is without prejudice to Petitioners moving for recusal in the district court on the basis of either (1) the debt instruments being "financial interests in the subject matter in controversy," or (2) the possibility that the debt instruments "could be substantially affected by the proceeding." *See* 28 U.S.C. § 455(b)(4). We express no opinion as to the merits of either ground.

The petitions for writ of mandamus filed by Cameron International Corporation and BP Products North America Incorporated and BP America, Incorporated are DENIED without prejudice. Halliburton Energy Services, Incorporated's motion to join in the petition for writ of mandamus filed by Cameron International Corporation is GRANTED. Respondent Felix Alexie, Jr.'s motion to expedite briefing and oral argument and motion for expedited ruling on the petition for writ of mandamus are DENIED as moot.

---

**7.** Although some of Cameron International's arguments could be read to raise this issue before us, we decline to rule on it in the first instance. Because Judge Barbier based his holding on a finding that debt instruments do not constitute an ownership interest in a party, he never reached whether the debt instruments might qualify as a financial interest in the subject matter in controversy.

**8.** In their petition, the BP Entities argue that we should decide in the first instance that the debt instruments could be substantially affected by the proceedings. We decline to do so because the current record says virtually nothing about the potential impact of the litigation on the debt instruments. Thus, we would be forced to speculate. The better course of action is to allow the district court to address the issue in the first instance. *See Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1031 (5th Cir.1998). We note that if the district court concludes that the debt instruments could be substantially affected, then recusal would be mandatory because the divestment exception would not apply. *See* 28 U.S.C. § 455(f) (noting that divestment exception applies only to a financial interest in a party "other than an interest that could be substantially affected by the outcome"); Advisory Op. No. 69, "Removal of Disqualification by Disposal of Interest," 69–2.